UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAIN LOVE,

       PLAINTIFF,

v.

SELECT PORTFOLIO SERVICING INC. ET AL.,

       Defendants.
_____/

CASE NO. 13-11647

HONORABLE ARTHUR J. TARNOW
SENIOR U.S. DISTRICT JUDGE

## ORDER GRANTING DEFENDANT ORLANS ASSOCIATES, P.C.'s MOTION TO DISMISS [15]

### I. Introduction

Before the Court is Defendant Orlans Associates, P.C.'s Motion to Dismiss [15].

For the reasons stated below, Defendant's Motion to Dismiss [15] is **GRANTED.**

### II. Background

This matter concerns the execution of a mortgage on the property at issue, and the later foreclosure of this property by Defendant Select Portfolio Servicing Inc. (SPS). Relevant to the Motion to Dismiss [15] now before the Court is

In his Complaint [1], Plaintiff Love brings claims of quiet title, slander of title, injunctive relief, and violation of the Fair Debt Collection Practices Act (FDCPA). Plaintiff also alleges that Defendants violated his Constitutional due process rights.

### III. Standard of Review

In a motion to dismiss, "the Plaintiff's well-pleaded factual allegations are taken as true, and reasonable inferences must be drawn in the Plaintiff's favour." *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). However, a court need not accept as true legal conclusions or draw unwarranted factual inferences. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Further the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff's factual allegations must do more than demonstrate a "sheer possibility that a defendant has acted unlawfully." *Id.*

### IV. Analysis

First, Defendant Orlans Associates, as counsel for Defendant SPS during the course of the foreclosure proceedings now at issue, cannot be held liable solely in their role as legal counsel during the foreclosure. *Gorbach v. Us Bank Nat'l Ass'n*, 2013 Mich. App. LEXIS 158, at *12-13 (Mich. Ct. App. Jan. 29, 2013). Therefore, Plaintiff's state law claims against Defendant Orlans Associates fail.

Next, Plaintiff attempts to argue that Defendant Orlans Associates may be liable as a "debt collector" under the FDCPA. It is settled law that the FDCPA applies to lawyers collecting debts on behalf of clients. *Heintz v. Jenkins*, 514 U.S. 291, 294-95

(1995). However, Defendant Orlans Associates argues that Plaintiff has failed to plead sufficient facts to support its FDCPA claim.

In general, Plaintiff's allegations focus on the lack of chain of title between non-party MLSG and Defendant SPS, as well as Defendants' failure allow statutorily mandated periods of time to allow Plaintiff to modify his loans prior to foreclosure. It is only the latter allegation that seems to apply to Defendant Orlans Associates.

However, the facts stated in Plaintiff's Complaint [1] pertain almost exclusively to alleged actions taken by Defendant SPS. Plaintiff makes no mention of any action taken by Defendant Orlans Associates other than aiding in the foreclosure process. Therefore, Plaintiff pleads insufficient facts to sustain its FDCPA claim against Defendant Orlans Associates.

Finally, it does not appear that Plaintiff brings it claim of Constitutional due process violations against Orlans Associates, nor can Plaintiff bring such a claim, as Orlans Associates is not a government actor. *See Northrip v. Federal Nat'l Mortg. Asso.*, 527 F.2d 23, 25, 1975 U.S. App. LEXIS 11516, at *5 (6th Cir. Mich. 1975).

Therefore, Defendant Orlans Associates's Motion to Dismiss [15] is **GRANTED**.

## V. Conclusion

For the reasons stated above, the Court Defendant Orlans Associates's Motion to Dismiss [15] is **GRANTED**.

Therefore,

**IT IS HEREBY ORDERED** that Defendant Orlans Associates's Motion to Dismiss is **GRANTED**.

**SO ORDERED**.

                                        s/Arthur J. Tarnow
                                        ARTHUR J. TARNOW
                                        SENIOR UNITED STATES DISTRICT JUDGE

DATED: April 9, 2014