UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>WAIN</small> L<small>OVE</small>,

        Plaintiff,

v.

S<small>ELECT</small> P<small>ORTFOLIO</small> S<small>ERVICING</small>, I<small>NC</small>.,
<small>ET AL</small>.,

        Defendants.

_____/

Case No. 13-11647

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

M<small>AG</small>. J<small>UDGE</small> D<small>AVID</small> R. G<small>RAND</small>

**O<small>RDER</small> D<small>ENYING</small> P<small>LAINTIFF'S</small> M<small>OTION FOR</small> R<small>ELIEF FROM</small> J<small>UDGMENT</small> [29], D<small>ENYING</small> P<small>LAINTIFF'S</small> M<small>OTION TO</small> E<small>NFORCE</small> S<small>ETTLEMENT</small> A<small>GREEMENT AND/OR</small> S<small>TAY</small> S<small>TATE</small> C<small>OURT</small> P<small>ROCEEDINGS</small> [30], <small>AND</small> D<small>ENYING AS</small> M<small>OOT</small> P<small>LAINTIFF'S</small> M<small>OTION TO</small> E<small>XPEDITE</small> H<small>EARING</small> [35]**

Plaintiff initiated this lawsuit on April 12, 2013, attacking a judgment of eviction secured in Michigan state court and affirmed on appeal. On July 15, 2013, Defendants Federal National Mortgage Association (Fannie Mae) and Select Portfolio Servicing, Inc. filed a Motion to Dismiss [16]. Plaintiff failed to respond to the motion to dismiss prior to a hearing held on July 9, 2014—approximately one year after the motion was filed. On July 14, 2014, the Court entered an Order

1

Granting Defendants' Motion to Dismiss [27] and a Judgment [28] in favor of Defendants.

On August 11, 2014, Plaintiff filed a Motion for Relief from Judgment [29] pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). On September 8, 2014, Plaintiff filed a Motion to Enforce Settlement Agreement and/or Stay State Court Proceedings [30].[1] Defendants filed Responses [33, 34] to these motions on September 26, 2014. On December 8, 2014, Plaintiff filed a Motion to Expedite Hearing on Plaintiff's Pending Motions [35].

The Court finds Plaintiff's pending motions suitable for resolution without a hearing. For the reasons stated below, Plaintiff's Motion for Relief from Judgment [29] and Motion to Enforce Settlement Agreement and/or Stay State Court Proceedings [30] are **DENIED**. Plaintiff's Motion to Expedite Hearing [35] is therefore **DENIED AS MOOT**.

## FACTUAL BACKGROUND

Prior to filing this suit, Plaintiff defaulted on a loan secured by a mortgage on his property. Defendant Select Portfolio Servicing, Inc. foreclosed on the property and conveyed it to Defendant Fannie Mae. After the expiration of Plaintiff's six-month statutory redemption period, Defendant Fannie Mae secured a

---

[1] Plaintiff filed a supplemental brief in support of this motion [31] on September 19, 2014.

possession judgment in Michigan's 36th District Court on September 11, 2012. Plaintiff appealed the possession judgment to the Wayne County Circuit Court, which dismissed the appeal and remanded for further eviction proceedings on December 14, 2012. On April 12, 2013, the 36th District Court granted Defendant Fannie Mae's motion for a writ of restitution, granting Defendant Fannie Mae possession of the disputed property. The same day, Plaintiff filed his Complaint [1] in this Court.

Defendants Fannie Mae and Select Portfolio Servicing, Inc. filed a Motion to Dismiss [16] on July 15, 2013.[2] The Court held a conference with the parties on August 22, 2013, and directed the parties to confer regarding settlement. Defendants sent a draft settlement agreement to Plaintiff's counsel, Stuart Sandweiss, in November 2013. In January and February 2014, Defendants reported to the Court that Plaintiff's counsel was unresponsive to settlement communications. The Court met with the parties again on April 4, 2014. Plaintiff's counsel agreed to submit to Defendants proposed edits to a draft settlement agreement by April 7, 2014. On April 29, 2014, Defendants reported to

---

[2] Plaintiff also named the Federal Housing Finance Agency and Orlans Associates, P.C. as defendants in this case. Both defendants were dismissed from the case in April 2014 [23, 24].

the Court that Plaintiff's counsel had not sent any communications regarding settlement, despite Defendants' written follow-up.

On May 16, 2014, the Court scheduled a hearing on Defendants' Motion to Dismiss [16] for May 20, 2014. Later that day, in consideration of reported scheduling difficulties on the part of Plaintiff's counsel, the Court rescheduled the hearing to July 9, 2014. The Court also directed Plaintiff to file a response to the Motion to Dismiss by June 6, 2014. On June 4, 2014, Plaintiff's counsel requested Defendants' consent to an extension of the response deadline. Defendants agreed and asked Plaintiff's counsel to prepare a stipulated order extending the deadline. The Court never received such an order and likewise never received a response to the Motion to Dismiss.

The Court held a hearing on Defendants' Motion to Dismiss [16] on July 9, 2014. The Court asked Defendants' counsel about the status of the settlement negotiations. Defendants' counsel responded, "As far as I'm concerned, there are no settlement negotiations." Before ruling on the motion, the Court acknowledged that nothing in the record and nothing said at the hearing indicated any prospect of settlement. The Court proceeded to grant the Motion to Dismiss on the basis of the grounds raised in the supporting brief and Plaintiff's failure to respond. The Court noted that Plaintiff's counsel had apparently adopted a strategy of noncooperation

4

in an effort to prolong proceedings. The Court expressed its unwillingness to indulge further delay. The Court entered an Order Granting Defendants' Motion to Dismiss [29] and a Judgment [30] on July 14, 2014.

On August 11, 2014, Plaintiff filed a Motion for Relief from Judgment [29] pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). On September 8, 2014, Plaintiff filed a Motion to Enforce Settlement Agreement and/or Stay State Court Proceedings [30]. The Court held a status conference with the parties on September 19, 2014. The Court directed Defendants to respond to Plaintiff's post-judgment motions by September 26, 2014. Defendants submitted Responses [33, 34] on that date. On December 8, 2014, Plaintiff filed a Motion to Expedite Hearing on Plaintiff's Pending Motions [35].

## ANALYSIS

"A district court may alter or amend a judgment under [Federal Rule of Civil Procedure] 59(e) to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or otherwise prevent manifest injustice." *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). In relevant part, Federal Rule of Civil Procedure 60(b) authorizes relief from judgment where the movant proves "(4) the judgment is void; (5) the

judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."[3] A movant seeking relief under the "catch-all" provision of Rule 60(b)(6) must prove "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule . . .[and which constitute] unusual and extreme situations where principles of equity *mandate* relief." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Plaintiff's Motion for Relief from Judgment [29] advances three arguments for relief under Federal Rules of Civil Procedure 59(e) and 60(b).

First, Plaintiff argues that he has alleged defects and fraud in the foreclosure process sufficient to warrant setting aside the foreclosure sale if Plaintiff demonstrates actual prejudice. He asks the Court to set aside the Judgment and hold an evidentiary hearing as to whether Plaintiff was prejudiced. However, Defendants devoted roughly ten pages of their Motion to Dismiss [16] to an argument that Plaintiff "ha[d] not alleged fraud or irregularity sufficient to set aside the foreclosure sale." If Plaintiff wished to rebut that argument, he should have done so in the ample time he was given prior to entry of the Judgment. Rules

---

[3] Plaintiff has moved for relief from judgment pursuant only to subsections (4), (5), and (6) of Rule 60(b).

59(e) and 60(b) are not vehicles Plaintiff may use to belatedly argue the case. *See, e.g.*, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (acknowledging that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (quoting WRIGHT & MILLER, 11 FED. PRAC. & PROC. § 2810.1 (2d ed. 1995)); *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001) (recognizing that Rule 60(b) "does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling").

Second, Plaintiff argues that the Judgment is void because Defendants lacked standing to bring their Motion to Dismiss. However, Plaintiff cites no authority in support of this proposition. Plaintiff's cited authority concerns dismissal of a case on the grounds that a plaintiff lacks standing to bring suit—not denial of dismissal on the grounds that a *defendant* lacks standing to bring a *motion*. Plaintiff thus fails to demonstrate that the Judgment is void.

Finally, Plaintiff argues that the parties have reached a settlement agreement, and that the Court should therefore set aside the Judgment and enforce the agreement. Exhibit A to the Motion for Relief from Judgment [29] is a draft settlement document signed by Plaintiff on August 11, 2014 (nearly a month after entry of the Judgment). It has not been signed by any Defendant. Plaintiff argues

7

that the draft settlement document was an offer that Defendant never rescinded, and that Plaintiff's signature on the document therefore bound both parties to the settlement contract. However, Defendants' counsel stated at the hearing on Defendants' Motion to Dismiss that settlement negotiations were no longer ongoing. The Court acknowledged that there was no prospect of settlement before entering judgment in Defendants' favor. Plaintiff had no power to subsequently bind the parties to a settlement by signing a long-neglected draft document.

Plaintiff's Motion to Enforce Settlement Agreement and/or Stay State Court Proceedings [30] repeats Plaintiff's argument concerning the draft settlement. The motion further argues that the Court, in aid of its jurisdiction, should enjoin state court eviction proceedings pending the Court's resolution of that argument. The Court rejects Plaintiff's request to enforce the purported settlement agreement for the reasons described above, rendering Plaintiff's request to enjoin state court proceedings moot.

## CONCLUSION

As the Court noted at the hearing on Defendants' Motion to Dismiss [16], Plaintiff's counsel avoided substantive argument and good-faith negotiation throughout the pendency of this case in an apparent effort to prolong the proceedings. Plaintiff's post-judgment motions appear to be merely the latest step

8

in this effort. For the reasons stated above, the Court finds the motions meritless. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment [29] and Plaintiff's Motion to Enforce Settlement Agreement and/or Stay State Court Proceedings [30] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Hearing on Pending Motions [35] is **DENIED AS MOOT**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: December 11, 2014        Senior United States District Judge